Maureen Gaughan
Bankruptcy Trustee
PO Box 6729
Chandler, Arizona 85246

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CLARK, RONALD BRUCE | § | Case No. 11-29362-PHX DPC |
| CLARK, JOY MICHELE | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

      Funds were disbursed in the following amounts:

      Payments made under an interim
      disbursement
      Administrative expenses
      Bank service fees
      Other payments to creditors
      Non-estate funds paid to 3rd Parties
      Exemptions paid to the debtor
      Other payments to the debtor

      Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Maureen Gaughan_____
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-29362-PHX DPC
Case Name: CLARK, RONALD BRUCE
           CLARK, JOY MICHELE
Trustee Name: Maureen Gaughan

Balance on hand                                                 $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000003 | BBVA Compass Bank | $ | $ | $ | $ |

Total to be paid to secured creditors                $_____

Remaining Balance                             $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Maureen Gaughan | $ | $ | $ |
| Trustee Expenses: Maureen Gaughan | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

UST Form 101-7-TFR (5/1/2011) (Page: 3)
Case 2:11-bk-29362-DPC    Doc 35    Filed 02/20/14    Entered 02/20/14 15:41:28    Desc
Main Document     Page 3 of 5

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | North Mill Equipment Finance LLC | $ | $ | $ |
| 000002 | Nordstrom fsb | $ | $ | $ |
| 000004 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000005 | FIA CARD SERVICES, N.A. | $ | $ | $ |
| 000006 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000007 | Sallie Mae | $ | $ | $ |
| 000008 | BMW Financial Services NA, LLC | $ | $ | $ |
| 000009 | American Express Centurion Bank | $ | $ | $ |
| 000010 | eCAST Settlement Corporation | $ | $ | $ |
| 000011 | Capital One, N.A. | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | eCAST Settlement Corporation | $ | $ | $ |
| 000013 | Capital One, N.A. | $ | $ | $ |
| 000014 | UBS Real Estate Securities, Inc. | $ | $ | $ |
| 000015 | TCF Equipment Finance, Inc. | $ | $ | $ |

Total to be paid to timely general unsecured creditors　　$_____

Remaining Balance　　$_____

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE